## CALVIN C. BURT v. FRANK H. ADDISON.

*Replevin—Affidavit—Abatement—Jurisdiction of justice.*

1. The following description is held sufficient in an affidavit in replevin in justice's court, viz.: "24 Michigan Reports, * * * one lot of books, * * * one lot of papers and envelopes, * * * one lot of written matter."

2. A so-called plea to the jurisdiction of a justice in a replevin suit, which simply prays judgment of the writ for want of jurisdiction, "for that the value of the property described in said writ exceeds in value $100," contains no averment of that fact, which averment, if made, would be immaterial, because the jurisdiction does not depend on value in *fact*, as it may ultimately appear, but upon value *alleged*. *Chilson v. Jennison*, 60 Mich. 235.

3. The statute forbids a reversal on *certiorari* from justice's court except for matters of substance affecting the justice of the cause.

Error to Wayne.    (Jennison, J.)    Argued April 18, 1889.    Decided April 24, 1889.

Replevin.    Plaintiff brings error on reversal of a judgment in his favor obtained in justice's court, and removed on *certiorari* to the circuit court.    Judgment of circuit court reversed and that of justice affirmed.    The facts are stated in the opinion.

*John  Galloway,* for appellant, and defendant in *certiorari.*

*William B. Jackson* and *George Cox,* for defendant, and plaintiff in *certiorari.*

CAMPBELL, J.    Mr. Burt, who was plaintiff in replevin in a suit before a justice, recovered judgment, which Addison removed by *certiorari* into the circuit court for the county of Wayne, where it was reversed.    On what ground this reversal was had, we are not informed.    The affidavit in replevin alleged the unlawful detention by Addison of various articles by a description which has been held sufficient in our courts of record, and was therefore sufficient before a justice, and the claimant alleged the aggregate value to have been not exceeding $100.    The suggestion that on the affidavit this averment does not cover all the property is in our opinion trifling and frivolous.    The officer was not able to find the property.    The defendant, Addison, put in first what is, in the affidavit for *certiorari,* called a "plea to the jurisdiction," which was in writing, and contained no averment of fact whatever.    It simply prayed judgment of the writ for want of jurisdiction,—

"For that the value of the property described in said writ exceeds in value $100."

This is not an averment of that fact, and would be immaterial if it were, because the jurisdiction does not depend on value in fact, as it may ultimately appear, but value alleged. Such has been the law declared by this Court. *Chilson v. Jennison,* 60 Mich. 235 (26 N. W. Rep. 859). The justice acted properly in overruling this so-called plea, and in not allowing proof that it was worth more than $100, when no offer was made to show it was worth any amount beyond the jurisdiction of a justice. The plaintiff below made out his case by evidence on all material points, and obtained judgment.

All of the questions raised by the affidavit for *certiorari,* and having any support in the record, relate to the alleged matter in abatement. We can discover no ground for the reversal below. Even if there had been formal irregularities, it is required by law that on *certiorari* there shall be no reversal, except for matters of substance affecting the justice of the cause. We find nothing out of the way in the trial before the justice, and the record shows clearly a grievious wrong done to Mr. Burt, for which he should have redress. The defense was absolutely destitute of merits, and had the circuit court affirmed the judgment, and Addison brought it here, we should have had no hesitation in visiting on him the consequences of a vexatious appeal. The writ of *certiorari* should not be prostituted for such purposes

The judgment of the circuit court must be reversed, and that of the justice affirmed, with costs of all the courts.

The other Justices concurred.