Hernández, ·Demandante y Apelante, *v.* Rosado et al.,
Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Aguadilla
en causa sobre desahucio.

No. 1168.—Resuelto en abril 22, 1915.

Affidavit—Jueces Municipales—Jueces de Paz—Interés Público.—Tanto los
jueces municipales como los de paz están facultados para autorizar decla-
raciones juradas (*affidavits*) de acuerdo con la sección 4 de la ley de 1908
para establecer un registro de *affidavits* o declaraciones juradas, dejada en
vigor por la Ley No. 13 de marzo 9, 1910, cuando tales declaraciones son
de interés público.

Id.—Procedimiento Judicial—Interés Público.—Cuando la declaración jurada
(*affidavit*) es para surtir efecto en un procedimiento judicial, es de interés
público.

Id.—Objeto Principal del Affidavit.—El objeto principal de una declaración
jurada (*affidavit*) es para fines del tribunal.

Emplazamiento o Citación — Diligenciamiento Defectuoso — Jurisdicción —
Sentencia Nula.—Si el diligenciamiento de una citación es a tal extremo
defectuoso que no puede el tribunal adquirir jurisdicción sobre la persona
del demandado, por no contener a ese fin cuanto es necesario de acuerdo
con la ley, entonces es nula la sentencia dictada sin jurisdicción, siendo inma-
terial los hechos que después de ella se aduzcan para subsanar el diligen-
ciamiento.

Desahucio — Emplazamiento o Citación — Requisitos del Diligenciamiento
Cuando se Hace a un Encargado—Jurisdicción—Inferencias.—Según la
sección 5ª. de la Ley de Desahucio, cuando el emplazamiento no se hace
personalmente al demandado, debe hacerse constar que se practica en la
persona encargada en su nombre del cuidado de la finca y la forma en que
está encargada de ella, extremos necesarios para que el tribunal pueda adqui-
rir jurisdicción, sin que sea bastante que se consigne que el encargado vivía
en el mismo domicilio del demandado, pues ese hecho no es por sí solo sufi·
ciente para inferir que estaba encargado de la finca en nombre de él.

Id.—Cuestiones sobre el Mejor Título.—No es procedente declarar con lugar
un desahucio cuando surge una cuestión sobre el mejor título a la propiedad.

Id.—Orden Dejando sin Efecto una Sentencia de Desahucio en Rebeldía.—
Abuso de Discreción.—No comete abuso de discreción una corte que, de
acuerdo con el artículo 140 del Código de Enjuiciamiento Civil, deja sin
efecto una sentencia de desahucio dictada en rebeldía para facilitar a un
demandado la oportunidad de demostrar que tiene algún título que hace
improcedente la acción, con mayor motivo cuando la sentencia es nula res-
pecto de otro demandado.

Id.—Sentencia Nula por Falta de Jurisdicción.—Si bien la sentencia de desa-
hucio no impide que en otro juicio se discuta la propiedad de la finca de

que ha sido objeto, no por ello debe subsistir una sentencia que es nula por falta de jurisdicción sobre la persona del demandado, cuando además la sentencia de desahucio cambia la posesión de la finca.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Diego.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Pedro Hernández Villanueva demandó en juicio de desahucio por precario a Pablo Rosado Várgas y a Rufina González Vélez ante el Tribunal de Distrito de Aguadilla para que fueran desalojados de una finca de ocho cuerdas radicada en el barrio de ''Coto'' de Isabela de la que es propietario, y no habiendo comparecido los demandados a la comparecencia preliminar que ordena la ley para esta clase de juicios, el tribunal dictó sentencia declarando con lugar ·el desahucio y ordenando el lanzamiento de los demandados.

Dos meses después de haber sido cumplida la sentencia en cuanto a Rufina González solamente por no haber sido hallado Pablo Rosado en la finca, presentaron ambos demandados moción al tribunal con súplica de que anulase la sentencia que había dictado en el juicio. La moción de Pablo Rosado alegó como fundamento de su solicitud que el tribunal no había adquirido jurisdicción sobre su persona porque en la diligencia que el márshal suscribió relativa a su citación no se hizo constar que Rufina González a quien por no haberlo encontrado se hizo la citación sea la persona encargada del cuidado de la finca; y además porque se había dictado la sentencia sin que el demandante presentara el título que justificara ser dueño de la finca y solamente por la prevención que contiene el emplazamiento. En cuanto a Rufina González, pidió al tribunal que en atención a los hechos consignados en una declaración jurada que acompañaba, hiciese uso de la facultad discrecional que le concede el artículo 140 del Código de Enjuiciamiento Civil y dejase sin efecto la sentencia dictada así como su cumplimiento. La mencio-

nada declaración fué jurada por Rufina González ante Augusto Suárez, Juez de Paz de Isabela, y en ella hizo constar: que es soltera y desde hace más de trece años vive en concubinato con Pablo Rosado con quien ha procreado varios hijos; que contra ambos se ha establecido una demanda de desahucio para que desalojen una finca en la que vive con sus hijos; que no sabe leer ni escribir por lo que no pudo enterarse de los papeles que le dejaron en su casa cuando la emplazaron ni le fué dado entregarlos a Pablo Rosado hasta seis días después pues éste trabaja fuera de la finca y acostumbra verla a ella y a sus hijos cada seis u ocho días; que la finca objeto del juicio le pertenece por haber comprado siete cuerdas con la ayuda de Pablo Rosado y la cuerda restante por herencia de su madre; que no ha transcurrido un año desde que se dictó la sentencia y que tiene una buena defensa.

En vista de esas mociones, y después de haber sido oídas las partes, el tribunal dictó resolución declarando nula la diligencia de citación hecha al demandado Pablo Rosado y demás diligencias, inclusa la del lanzamiento de los demandados, y especialmente la sentencia en rebeldía declarando con lugar el desahucio, la que dejó sin valor ni efecto alguno y dispuso que se convocara al actor y a los demandados a una comparecencia, cuya fecha fijó, y que los demandados fueran repuestos en la posesión de la finca objeto del desahucio, ínterin se sustancia el procedimiento y se dicta la sentencia que fuere procedente.

Contra esta resolución interpuso la parte demandante el presente recurso de apelación en el que no han comparecido los apelados.

El primer motivo de error que por el apelante se atribuye al tribunal a quo es el de haber tenido en cuenta para su resolución la declaración jurada que presentó Rufina González, que es nula por haber sido jurada ante el Juez de Paz de Isabela, quien no tenía autoridad para recibir y administrar tal juramento, con arreglo a la ley estableciendo un

registro de declaraciones juradas (*affidavits*) ante notario
y otros funcionarios, aprobada en 12 de marzo de 1908.

Ya hemos resuelto en el caso de Esteban López Cruz con-
tra Serafín Meléndez, decidido el 9 de marzo de este año,
que los jueces municipales están facultados para autorizar
declaraciones juradas (*affidavits*) de acuerdo con la sección
4ª. de la ley de 1908 para establecer un registro de *affidavits*
o declaraciones juradas, dejada en vigor por la ley No. 13 de
marzo 9 de 1910, cuando tal declaración es de interés público
y no privado. En igual caso se hallan las que se prestan ante
los jueces de paz, y como la declaración que ante el Juez de
Paz de Isabela juró Rufina González no era de interés pri-
vado, en cuyo caso solo pueden recibirlas los notarios, pues era
para surtir efecto en un procedimiento judicial, no podemos
declarar que sea nula dicha declaración jurada (*affidavit*).
El objeto principal de una declaración jurada (*affidavit*) es
para fines del tribunal. *Delgado* v. *El Registrador de Ca-
guas*, resuelto por nosotros en febrero 19, 1915.

El segundo motivo de error se basa en que las alegaciones
de Pablo Rosado son insuficientes para sostener la resolu-
ción apelada porque constando en la declaración jurada de
Rufina González que Pablo Rosado vive con ella en concubi-
nato en la finca objeto del desahucio, era la encargada del
cuidado de la misma finca.

Sin embargo, si el diligenciamiento de la citación es a
tal extremo defectuoso que no pudo el tribunal adquirir juris-
dicción sobre la persona del demandado Pablo Rosado por
no contener a ese fin cuanto es necesario de acuerdo con la
ley, entonces es nula la sentencia dictada sin jurisdicción
e importan poco los hechos que después de ella se aduzcan
para subsanar el diligenciamiento.

En el diligenciamiento de citación de Pablo Rosado cer-
tificó el márshal que lo notificó personalmente "a Rufina
González por no hallarse en su domicilio Pablo Rosado Var-
gas, que es el mismo de la referida Rufina González, entre-
gando a dicha Rufina González y dejando en su poder per-

sonalmente en su domicilio una copia de dicho emplazamiento y en poder de la emplazada una copia fiel y exacta de la demanda en el pleito mencionado en dicho emplazamiento.''

Según la sección 5ª de la Ley de Desahucio cuando no se encontrare al demandado en el lugar del juicio, o no tuviese en él su domicilio se entenderá la citación con la persona que en cualquier forma estuviese encargada en su nombre del cuidado de la finca en dicho lugar. Por no haber sido encontrado Pablo Rosado la citación fué hecha en este caso a Rufina González, pero no se hizo constar que se practicó en ella porque estaba encargada en su nombre del cuidado de la finca, ni en qué forma estaba encargada, extremos que eran necesarios que constasen en el diligenciamiento de la citación para que el tribunal pudiera conocer que por haberse hecho de acuerdo con los requisitos exigidos por la ley para esos casos, había adquirido jurisdicción sobre la persona de dicho demandado, sin que sea bastante a subsanar ese defecto que se consignara que vivía en el mismo domicilio de Pablo Rosado, pues este hecho no es bastante para inferir que estaba encargada de la finca en nombre de él.

En vista de estas consideraciones no podemos declarar que el tribunal inferior incurriera en el segundo motivo de error que se alega.

El tercer motivo de error se basa en que se cometió error al tomar en consideración y resolver la moción de Rosado porque es frívola ya que siendo Rufina González, la única propietaria de la finca, según su declaración jurada, no tiene interés alguno Pablo Rosado. Aparte de que Rufina González no ha declarado que sea la única propietaria, pues por el contrario depuso que siete cuerdas las compró con la ayuda de Pablo Rosado, de todos modos, habiendo sido demandado y dictádose una sentencia contra él tiene derecho a que la sentencia se anule, habiendo sido dictada sin jurisdicción y no podemos sostener que su moción en tal sentido sea frívola.

El cuarto error alegado tampoco es sostenible porque no siendo procedente declarar con lugar el desahucio cuando

surge cuestión sobre el mejor título a la propiedad según repetidas sentencias de este Tribunal Supremo, desde el momento en que jura Rufina González que la finca objeto del desahucio le pertenece por haberla heredado en parte y en otra parte por compra hecha con Pablo Rosado, no vemos que el tribunal inferior haya abusado de la facultad discrecional que le concede el artículo 140 del Código de Enjuiciamiento Civil para dejar sin efecto una sentencia dictada en rebeldía, facilitando a la demandada la oportunidad que solicita de demostrar que tiene algún título que haga improcedente la acción de desahucio, con tanto más motivo en este caso cuanto que la sentencia es claramente nula respecto del otro demandado.

En vista de las conclusiones a que hemos llegado en los anteriores motivos del recurso y toda vez que son nulas las diligencias posteriores a la citación y la sentencia, no se hace necesario que consideremos el quinto motivo de error, por referirse a si hubo o no error en el juicio que se anula.

El sexto error que se alega se basa principalmente en que no presentaron los demandados con sus mociones declaración jurada de que tenían buen fundamento de defensa (*affidavit of merits*) para que el juez pudiera hacer uso de la facultad discrecional que le concede el artículo 140 para dejar sin efecto una sentencia.

Pablo Rosado no basó su petición en ese artículo, y en cuanto a la otra demandada, si es que tal declaración es necesaria, presentó una declaración jurada que entendemos era suficiente a ese fin.

El séptimo y último error alegado es que hubo error al dejar sin efecto una sentencia que no produce excepción de cosa juzgada.

Es cierto que las sentencias de desahucio no impiden que en otro juicio se discuta la propiedad de las fincas de que han sido objeto, pero a pesar de ésto no debe subsistir una sentencia que es nula por falta de jurisdicción sobre la persona del demandado, por el solo hecho de que pueda discu-

tirse después la cuestión de propiedad. Además la senten-
cia de desahucio cambia la posesión de la finca.

No encontrando pues, razón para revocar la resolución
apelada, debemos confirmarla.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Hutchison.