RODRÍGUEZ ET AL., PETITIONERS, *v.* CUEVAS ZEQUEIRA, DISTRICT JUDGE, RESPONDENT.

Petition for a Writ of Certiorari to the District Court of Humacao in an Action of Unlawful Detainer.

No. 193.—Decided July 28, 1917.

CERTIORARI—UNLAWFUL DETAINER—APPEARANCE—SUMMONS.—Section 4 of the Unlawful Detainer Act does not provide for the entry of a formal order or instructions in writing to the secretary signed by the judge and filed among the papers of the case, but simply prescribes that after the filing of the complaint "the plaintiff and defendant shall be ordered to appear for a hearing, which must be held within ten days after the commencement

of the action.'' Therefore the setting of the case by the court implies an authorization to the secretary for the issuance of the summons to the defendant.

ID. — ID. — SUMMONS — SERVICE. — Municipal judges are authorized to administer oaths to servers of process on the defendant.

ID.—ID.—ID.—TECHNICALITIES—PREJUDICE.—Technical questions of detail in the form of the summons, without showing prejudice or any defense on the merits, do not disclose a proper case for relief by certiorari if it appears that the defendant had actual notice of the proceedings and was cautioned against the consequences of his default.

The facts are stated in the opinion.

*Mr. Arturo Aponte, Jr.,* for the petitioner.

The respondent did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Petitioners allege (italic ours):

"*First.*—That on May 21, 1917, a Caguas concern called the American Cigar Company filed in the office of the secretary of the District Court of Humacao a complaint, No. 4826, for unlawful detainer against the above-mentioned petitioners.

"*Second.*—That said complaint of unlawful detainer having been filed and without the District Court of Humacao or the judge thereof having ordered the citation of the parties to said action for the appearance prescribed by the Unlawful Detainer Act, and without the said court having rendered any other decree to that effect, the deputy secretary of said court, of his own initiative, issued a null and void summons, in which it appeared that the court had set for the preliminary hearing of the parties the 31st day of May, 1917. But your petitioners now' allege, as aforesaid, that said district court neither rendered such an order or decree nor authorized the secretary thereof to proceed in the manner indicated.

"*Third.*—That the summons so unduly issued by the secretary of the District Court of Humacao did not state the names of the parties defendant, your petitioners in this case, nor was the name of plaintiff's attorney mentioned on its face or endorsed thereon.

"*Fourth.*—That the affidavit of service of said summons appears to have been made before a person or officer without power to administer oaths in matters of this kind, the person who served such summons not being either the marshal of the district court or any of his deputies.

"*Fifth.*—In the circumstances the District Court of Humacao not having acquired jurisdiction in the case, on May 31, 1917, the de-

fendants, your petitioners, not having been summoned, without any citation of both parties for the preliminary appearance, and without due process of law, received the complaint of unlawful detainer so filed and rendered judgment by default against your petitioners upon the trial, who now allege that the said District Court of Humacao had no power 'or authority sufficient to act as it did.

"*Sixth.*—That under the peremptory terms of the Unlawful Detainer Act and in the actual state of the proceedings your petitioners have no adequate, speedy or effective remedy at law to which they may resort in order to protect their rights; and that the District Court of Humacao has deprived them of their property without their day in court, the proceedings not having been legal or just.

"*Seventh.*—That even on the 6th day of June, 1917, the defendants, your petitioners herein, having heard of the trial, moved the District Court of Humacao to quash the summons *and permit them to defend and present the just and meritorious defense which they had;* but that said court refused to do this and *did not permit your petitioners to defend themselves.* And now your petitioners allege that this refusal on the part of the District Court of Humacao is unappealable in cases of unlawful detainer, and even if an appeal should lie, the execution of the judgment rendered would not be suspended, by reason whereof there is no other remedy available to your petitioners than the issuance of a writ of certiorari to protect their interests and rights."

The writ issued and the record is before us.

Section 4 of the Law of Unlawful Detainer, quoted in full in *López* v. *Meléndez,* 22 P. R. R. 145, does not provide for the entry of a formal order or instructions in writing to the secretary, signed by the judge and filed among the papers of the case; but simply says that after the filing of the complaint "the plaintiff and defendant shall be ordered to appear for a hearing, which must be held within ten days after the commencement of the action."

The summons herein notified the defendants "that the court had set May 31, 1917, at 9 a. m., for the first hearing of the parties so that they might introduce such evidence as they thought proper, and the defendants were' cautioned also that in case of their failure to appear, either in person

or by lawful agent, judgment of unlawful detainer would be taken against them without further summons or hearing."

On certiorari, in the circumstances of this case, and assuming for the purposes of this opinion that some action by the trial judge was necessary in order to justify the issuance of process, we will further assume that the secretary acted pursuant to the direction of the court. The setting of the case by the court, without more, implies an authorization for the issuance of the summons. It is true that on the face of the summons the case is entitled "American Cigar Company *v.* Gumersindo Rodríguez *et al.,*" but the summons itself is addressed to "Gumersindo Rodríguez, Félix Vizcarrondo, Eloy Huerta, Isabel García, Fernando Rodríguez, Gregorio Alberio, José Oyola, Angel Ramírez, Timoteo Márquez, Antonio Román, Rufino Román, Tomás Ortiz, Pedro Román, Pedro Barbosa, Juan Coto, Juan García, Antonio Ruiz, Eleno García, Liborio Alvarez, Valentín del Valle, Eusebio García, José Rivera, Cirilo Coto, Heraclio Cuevas, Emiliano Torres, Hipólito Sánchez, Antero Rivera, Benito Acevedo, Fermín Delgado, Marcos Castro, Dolores Delgado, Matilde Morales, and Isabel Villanueva, *the aforesaid defendants,*" the names enumerated being identical with those mentioned in the complaint, a copy of which, presumably including the signature of the attorney for the plaintiff, was also served upon one of the defendants. In any event, there is no suggestion whatever of prejudice by reason of the failure to endorse the name of such attorney on the summons.

The affidavit of service is subscribed and sworn to before the Municipal Judge of Caguas, and the contention that such officer was incompetent is wholly without merit. *López v. Meléndez, supra.*

The judgment of the district court reads in part as follows:

"On May 21, 1917, the complaint of unlawful detainer of the *American Cigar Company* v. *Gumersindo Rodríguez et al.* was filed

with the secretary of the District Court of Humacao, and the court set for the preliminary appearance May 31, 1917, at 9 a. m.

"On said date the complaining party appeared by its attorney, J. Vendrell, the defendants not having appeared notwithstanding the call made by the marshal, and the court then ordered that the default of the defendants be noted, and set June 6, 1917, at 9 a. m., for the second appearance.

"On this 6th day of June, 1917, plaintiff appeared by its attorney, J. Vendrell, and also the defendants by their attorney, Arturo Aponte, Jr., who moved the court to quash the summons herein because it did not comply with the requirements prescribed by law. The court, after argument of said motion by both parties, finds that all substantial legal requirements have been complied with, and, therefore, overrules said motion and orders the trial to proceed.

"In this case the plaintiff introduced its evidence, both written and oral, and the court, in accordance therewith, renders judgment granting said ejectment and ordering the defendants within the period of twenty days to vacate the houses occupied by them on the land described in the complaint, otherwise the marshal of this court shall oust said defendants according to law."

The motion referred to was based on the following grounds:

"*a.* Because the summons was served without the court having ordered the citation of the parties.

"*b.* Because the summons does not state the names of all the parties to this suit, the names of all defendants not having been included, nor the name of the attorney for plaintiff.

"*c.* Because the affidavit of service is void, conferring no jurisdiction on this court, and, moreover, the municipal judge of Caguas having no power to take said affidavit."

The appearance was special and expressly limited to the sole and exclusive purpose of the motion, to wit, to quash the summons. There was no offer to plead, nor prayer for leave to defend, nor any suggestion whatever of a meritorious defense, as alleged in the petition addressed to this court; the formal assurance contained in the seventh paragraph of said petition, *supra,* having constituted the real in-

ducement for the issuance of the writ aś prayed for, we abstain from further comment upon this aspect of the case.

Defendants had actual notice of the proceedings and were duly cautioned against the consequences of default, yet they chose to stand upon technical questions of detail in the form of the summons, and have not shown even in this court, that they suffered any prejudice at all, or that they have or ever had any defense whatever on the merits. The ·present proceeding is plainly an effort to delay the execution of the judgment rendered in the district court, and the facts shown by the record do not disclose a proper case for relief by certiorari.

"Mere technical irregularities or formal errors not affecting the merits of the case, and by which the complaining party was not prejudiced, may be disregarded." 11 C. J., p. 208, sec. 373.

"The scope of review upon certiorari will not be broadened to include technical questions tending to delay the final ending of an action, the merits of which are with the respondents." *Id.* note 6 (*b*), citing *Green County* v. *Thomas,* 211 U. S. 598.

"A petition for certiorari is addressed to the sound discretion of the court. It is not to be granted for the mere purpose of enabling a party to avoid the proceedings of an inferior tribunal, for technical errors. It must appear that manifest injustice has been done to the petitioner, and also that there has been no laches on his part, which should operate as a waiver of his right to ask the interposition of the court in his behalf. As to the subject of notice, for example; although it should appear that the statute requisitions had not been in terms complied with, yet if it could be shown that the party affected by the proceedings had in fact notice, although in another form, and through a different channel, the court would not grant a certiorari. And so with regard to the time of taking exceptions to the legality of the proceedings in other respects; the party is not to lie by and see great expenditures made, knowing a defect in the forms of the proceedings, and subsequently be allowed to avail himself of a certiorari to quash them as erroneous." *Stone* v. *City of Boston,* II Metcalf, 220.

In *Addison* v. *Burt,* 42 N. W. 278, the Supreme Court of Michigan, referring to the reversal of a judgment obtained

before a justice of the peace, upon removal of the proceedings to the circuit court by certiorari, said:

"We can discover no ground for the reversal below. Even if there had been formal irregularities, it is required by law that on certiorari there shall be no reversal, except for matters of substance affecting the justice of the cause. We find nothing out of the way in the trial before the justice, and the record shows clearly a grievous wrong done to Mr. Burt for which he should have redress. The defense was absolutely destitute of merits, and had the circuit court affirmed the judgment, and Addison brought it here, we should have had no hesitation in visiting on him the consequences of a vexatious appeal. The writ of certiorari should not be prostituted for such purposes. The judgment of the circuit court must be reversed, and that of the justice affirmed, with costs of all the courts."

The writ must be annulled.

*Petition denied.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.