Rodríguez et al., Peticionarios, *v.* Cuevas Zequeira, Juez de Distrito, Demandado.

Solicitud para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Humacao en pleito sobre desahucio.

No. 193.—Resuelto en julio 28, 1917.

Desahucio—Comparecencia de las Partes—Emplazamiento o Citación.—El artículo 4 de la Ley de Desahucio no prescribe el que se registre una orden formal o instrucciones escritas al secretario firmadas por el juez y archivadas entre los papeles del caso, sino simplemente dice que una vez radicada la demanda "se mandará a convocar al actor y al demandado para una comparecencia que deberá celebrarse dentro de los diez días siguientes al en que se presente la reclamación"; por lo que, un señalamiento hecho por la corte para esta comparecencia implica la autorización al secretario para la expedición del emplazamiento o citación al demandado.

Emplazamiento—Diligenciamiento—Juramento Ante el Juez Municipal.— Los jueces municipales tienen facultades para tomar juramentos en el diligenciamiento de una citación o emplazamiento al demandado.

Id.—Tecnicismos—Perjuicios—Defensa Meritoria—Certiorari.—Técnicas cuestiones de detalle en la forma de un emplazamiento sin demostrarse que se sufrieran perjuicios o que se tenga una defensa meritoria, si aparece que al demandado se le notificó en realidad de los procedimientos y que se le previno de las consecuencias de su rebeldía, no revelan un caso propio para obtener algún remedio por vía de *certiorari*.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Arturo Aponte Jr.*

El Juez demandado, Sr. Rafael Cuevas Zequeira, no compareció.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Los peticionarios alegan, (la bastardilla es nuestra):

"*Primero.* Que el día 21 de mayo de 1917 una sociedad de Caguas llamada American Cigar Co., presentó en la Secretaría de la Corte de Distrito de Humacao una demanda de desahucio contra los peticionarios a que alude el epígrafe, habiendo sido radicada dicha demanda con el No. 4826 y archivada por el secretario en su oficina.

"*Segundo.* Que radicada la aludida demanda de desahucio y sin que la Corte de Distrito de Humacao, o el Juez de la misma, dictara orden alguna convocando a las partes para la comparecencia que ordena la ley de desahucio y sin que por dicho tribunal se dictara nin-

guna providencia en tal sentido, el sub-secretario de dicha corte por sí y ante sí expidió un emplazamiento nulo e ineficaz en el que hizo constar que se había señalado para la primera comparecencia de las partes el día 31 de mayo de 1917. Pero alegan vuestros peticionarios según antes han manifestado, que dicha corte de distrito, ni dictó semejante orden o providencia, ni facultó al secretario para proceder en aquella forma.

"*Tercero.* Que el emplazamiento expedido indebidamente por el Secretario de la Corte de Distrito de Humacao no contenía los nombres de los demandados, que son los peticionarios en este procedimiento, ni consignaba el nombre del abogado de la parte demandante, ni en la cara de dicho escrito, ni al dorso del mismo.

"*Cuarto.* Que ese emplazamiento aparece diligenciado ante un individuo o funcionario que carecía de facultades para autorizar juramentos en esta clase de asuntos, no siendo el que practicó dicha diligencia ni el márshal del distrito, ni ninguno de sus subalternos.

"*Quinto.* Que así las cosas y no habiendo adquirido jurisdicción en el asunto la Corte de Distrito de Humacao, este tribunal, con fecha 31 de mayo de 1917, sin haber emplazado a los demandados, que son vuestros peticionarios, sin haber sido convocada la comparecencia de las partes y sin que hubiera mediado el debido procedimiento legal, admitió la demanda de desahucio interpuesta y dictaminó en rebeldía el juicio contra vuestros peticionarios, quienes alegan que la referida Corte de Distrito de Humacao no tenía facultades, ni autoridad bastante para actuar en la forma en que lo hizo.

"*Sexto.* Que dados los términos perentorios de la Ley de Desahucio y dado el estado actual del procedimiento en este caso, los peticionarios carecen de recurso en ley, adecuado, rápido y eficaz de que valerse para poder poner a salvo sus derechos, y alegan, que la Corte de Distrito de Humacao les ha privado de su propiedad sin haberles oído en juicio y sin que la tramitación del juicio hubiera sido legal y justa.

"*Séptimo.* Que todavía el día seis de junio de 1917, enterados los demandados en aquel juicio de desahucio, o sean los peticionarios en el presente caso, presentaron una moción a la Corte de Distrito de Humacao suplicando a dicho tribunal dejar sin efecto el emplazamiento y *permitirles defenderse y demostrar la defensa justa y meritoria que les asistía; pero dicha corte se negó a ello y no permitió a vuestros peticionarios defenderse.* Y alegan vuestros peticionarios que esta negativa de la Corte de Distrito de Humacao no es apelable en pleitos de desahucios, y si lo fuera, no suspendería la ejecución de la sentencia, por cuyo motivo el único recurso que tienen los peticio-

narios es la expedición de un auto de *certiorari* que ponga a salvo su patrimonio y sus derechos.

El auto fué expedido y los autos se han elevado a esta corte.

El artículo 4 de la Ley de Desahucio, citado en su totalidad en el caso de *López* v. *Meléndez,* 22 D. P. R. 156, 159, no prescribe el que se registre una orden formal o instrucciones por escrito al secretario firmadas por el juez y archivadas entre los papeles del caso, sino que simplemente dice que una vez radicada la demanda ''se mandará a convocar al actor y al demandado para una comparecencia que deberá celebrarse dentro de los diez días siguientes al en que se presente la reclamación.''

El emplazamiento en este caso notificaba a los demandados ''que la corte ha señalado para la primera comparecencia de las partes, el día 31 de mayo de 1917, a las nueve de la mañana, a fin de que presenten la prueba que consideren pertinente; y se les notifica además que de no comparecer el día indicado, ya por sí o por apoderado o abogado, se decretará el desahucio sin más citarlos ni oirlos.''

En procedimientos de *certiorari,* y teniendo en cuenta las circunstancias del presente caso, y suponiendo, para los fines de esta opinión, que era necesario que el juez sentenciador actuara en alguna forma para justificar la expedición del emplazamiento, nosotros vamos a suponer además que el secretario actuó de conformidad con las instrucciones que le diera la corte. El señalamiento del caso hecho por la corte, por sí solo implica la autorización de ésta de la expedición del emplazamiento. Ello es cierto que de la faz del emplazamiento aparece el caso intitulado *American Cigar Company* v. *Gumersindo Rodríguez et al.,* pero el propio emplazamiento se dirige contra ''Gumersindo Rodríguez, Félix Vizcarrondo, Eloy Huerta, Isabel García, Fernando Rodríguez, Gregorio Alberio, José Oyola, Angel Ramírez, Timoteo Márquez, Antonio Román, Rufino Román, Tomás Ortiz, Pedro Román, Pedro Barbosa, Juan Coto, Juan García, Antonio Ruiz, Eleno García, Li-

borio Alvarez, Valentín del Valle, Eusebio García, José Rivera, Cirilo Coto, Heraclio Cuevas, Emiliano Torres, Hipólito Sánchez, Antero Rivera, Benito Acevedo, Fermín Delgado, Marcos Castro, Dolores Delgado, Matilde Morales, e Isabel Villanueva, *o sean, demandados antes mencionados,"* siendo idénticos los nombres enumerados y los que en la demanda se mencionan, copia de la cual, es de presumirse que incluyendo la firma del abogado del demandante, se le sirvió a uno de los demandados. De todos modos no existe sugestión alguna de que se haya cometido algún perjuicio por razón de la falta de hacer constar al dorso de la citación el nombre del abogado del demandante.

El *affidavit* de diligenciamiento se hizo y juró ante el Juez Municipal de Caguas y la alegación de que dicho funcionario no tenía facultades para ello, carece por completo de mérito alguno. *López* v. *Meléndez, supra.*

La sentencia de la corte de distrito reza en parte como sigue:

"El día 21 de mayo de 1917 se radicó en la secretaría de esta corte de distrito la demanda de desahucio de la American Cigar Co., contra Gumersindo Rodríguez *et al.*, y la corte señaló para primera comparecencia el día 31 de mayo de 1917, a las nueve de la mañana.

"En este día compareció la demandante por su abogado J. Vendrel, no habiendo comparecido los demandados a pesar de haber sido llamados por el márshal, y la corte, a solicitud de la parte demandante, ordenó que en esta fecha se anotase la rebeldía de los demandados, y señaló la sesión del día 6 de junio de 1917, a las nueve de la mañana para la segunda comparecencia.

"Hoy, 6 de junio de 1917, compareció la demandante por su abogado J. Vendrel, y así también los demandados representados por su abogado Arturo Aponte Jr., quien presentó una moción solicitando de la corte dejara sin efecto el emplazamiento de la presente acción. La corte después de argumentar las partes sobre dicha moción, es de opinión que se han cumplido sustancialmente todos los requisitos legales, y por tanto, la declara sin lugar y ordena que continúe el juicio.

"En este acto la parte demandante presentó su prueba, tanto documental como testifical, y la corte, de acuerdo con la misma, dicta

sentencia declarando con lugar el desahucio y ordena que los demandados desalojen las casas que habitan en la finca objeto de la demanda dentro del término de veinte días, y si así no lo hicieren se procederá por el márshal de esta corte al lanzamiento de los demandados, de acuerdo con la Ley. ''

La moción a que se ha hecho referencia está basada en los siguientes fundamentos:

''(*a*) Porque el emplazamiento se ha practicado sin que la corte hubiera ordenado la convocatoria de las partes.

''(*b*) Porque el emplazamiento no contiene el nombre de todas las partes en esta acción, no habiéndose incluído los nombres de todos los demandados, ni el nombre del abogado de la demandante.

''(*c*) Porque el *affidavit* del diligenciamiento es nulo, no concediendo jurisdicción a esta Hon. Corte, careciendo de facultades, además, el Juez Municipal de Caguas para autorizar dicho *affidavit* o juramento.''

La comparecencia se hizo especial y expresamente limitada al solo y exclusivo objeto de la moción; a saber, dejar sin efecto (*quash*) el emplazamiento. No se ofreció alegación alguna, ni se pidió permiso para defenderse, ni se sugirió siquiera una defensa meritoria según se alegó en la petición que se presentó ante esta corte; cuando lo que indujo a esta corte a expedir el auto solicitado fué precisamente la formal aserción que contiene el séptimo párrafo de la petición del auto de *certiorari*. Nos abstenemos de seguir comentando este aspecto del caso.

A los demandados se les notificó en realidad de los procedimientos y se les previno de las consecuencias de la rebeldía, mas sin embargo optaron por circunscribirse a técnicas cuestiones de detalles en la forma del emplazamiento y no han mostrado siquiera ante esta corte de que sufrieran perjuicio alguno en absoluto o de que tenían o tuvieran jamás defensa alguna sobre los méritos del caso. El presente procedimiento no es sino sencillamente un esfuerzo para dilatar la ejecución de la sentencia dictada por la corte de distrito y los hechos

que aparecen en el récord no revelan un caso propio para obtener algún remedio por vía de *certiorari.*

"Meras irregularidades técnicas o errores de forma que no afecten los méritos del caso, y por los que la parte que se querella no se perjudicó, pueden dejarse de considerar." 11 C. J., p. 208, Sec. 373.

"El alcance de la revisión por vía de *certiorari* no se dilatará para que incluya cuestiones técnicas con el fin de dilatar la final terminación de un caso, cuyos méritos están de parte de los recurridos." Id., véase 6 (*b*), donde se cita el caso de *Green County* v. *Thomas,* 211 U. S. 598.

"Una solicitud de *certiorari* se dirige a la sana discreción de la corte. No se concede con el mero propósito de ayudar a una parte a anular los procedimientos en un tribunal inferior, por errores técnicos. Debe aparecer que se le ha hecho al peticionario manifiesta injusticia, y que tampoco ha existido descuido (*laches*) de su parte, que operaría como una renuncia de su derecho de pedir la intervención de la corte en su provecho. Respecto a la cuestión de notificaciones, por ejemplo, aunque debiera aparecer que los requisitos prescritos por el estatuto no se han cumplido literalmente, sin embargo si se demostrare que la parte afectada por los procedimientos tenía en realidad de verdad conocimiento, aunque en otra forma, y por otro conducto, la corte no concedería el *certiorari.* Otro tanto puede decirse respecto al tiempo de tomar excepciones a la legalidad de los procedimientos en otros aspectos; una parte no debe contemplar pasivamente los grandes gastos que se hacen, conociendo la existencia de un defecto de forma en los procedimientos, y luego conseguir se le permita aprovecharse de un *certiorari* para dejar sin efecto (*quash*) dichos procedimientos por erróneos."

En el caso de *Addison* v. *Burt,* 42 N. W., 278, la Corte Suprema de Michigan, refiriéndose a la revocación de una sentencia obtenida ante un juez de paz, al trasladar los procedimientos a la corte de circuito, por vía de *certiorari,* dijo:

"No encontramos ningún fundamento para la revocación hecha por la corte inferior. Aun cuando hubiera habido irregularidades de forma, la ley requiere que en *certiorari* no habrán revocaciones, sino sólo por materias sustanciales que afecten la justicia de la causa. Nada encontramos fuera de lugar en el juicio celebrado ante el juez de paz, mientras que el *record* claramente nos muestra un gravoso mal héchole a Mr. Burt por el que él debiera tener alguna reparación.

La defensa estaba en absoluto destituída de todo mérito, y si la corte de circuito hubiera confirmado la sentencia, y Addison la hubiera traído aquí, nosotros no hubiéramos vacilado un momento en hacerle sentir las consecuencias de una penosa apelación. El auto ue 'certiorari no debe prostituirse con tales propósitos. La sentencia de la corte de circuito debe ser revocada, y confirmada la del juez de paz, con las costas ocasionadas en todas las cortes.''

El auto expedido debe ser anulado.

> *Sin lugar la solicitud y anulado el auto expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.