JULIA STELLA VIUDA DE ORTIZ, peticionaria, *v.* LA CORTE DE DISTRITO DE HUMACAO, HON. R. ARJONA, JUEZ, demandada.

No. 741.—*Sometido:* Diciembre 1, 1930. *Resuelto:* Diciembre 19, 1930.

*Arturo Aponte,* abogado de la peticionaria; *Luis Toro Cabañas,* abogado de la demandante en el pleito principal, interventora.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Se nos ha pedido un auto de *certiorari* contra la Corte de Distrito de Humacao, Juez el Honorable Rafael Arjona Siaca, fundándose la peticionaria Julia Stella, viuda de Ortiz, esencialmente en los hechos siguientes:

En la Corte de Distrito de Humacao se radicó una acción sobre alimentos provisionales, contra Julia Stella, viuda de Ortiz, y a nombre de Monserrate Carrasquillo, como madre con potestad sobre los menores Nilda Monserrate y Francisco Juan Ortiz Carrasquillo. Se solicitaba una pensión mensual de $200. Se alega que el juez dictó una resolución que se copia, y por la que se ordenó la primera comparecencia de las partes, previa citación a la demandada con entrega de copia de la demanda; que la corte, sin que la demandada fuera citada ni notificada con entrega de copia de la demanda, celebró la vista del caso, sin jurisdicción, y dictó sentencia condenando a la aquí peticionaria, con sólo tener a la vista el diligenciamiento de la citación, que copia, y en el que no se dice que se citó personalmente a la demandada, ni que se le entregara copia de la demanda; y que si bien la demandada tiene el derecho de apelar, la apelación no sería un remedio adecuado y eficaz, ya que no suspendería los efectos de la sentencia.

Se expidió el mandamiento, y vinieron a este tribunal los autos.

Interviene en el procedimiento la demandante, que se ha opuesto a la resolución que se solicita, alegando: que niega que Julia Stella viuda de Ortiz haya dejado de ser citada y notificada en el procedimiento, y que la citación en forma aparece del certificado de diligenciamiento original, y del

adicional que se encuentra en los autos del pleito; que niega los demás extremos de la petición; y que el caso no es uno propio de *certiorari*, por tener la peticionaria remedio eficaz y rápido en ley, por faltar en la petición hechos suficientes y por pretenderse obtener una suspensión en los procedimientos, en forma indirecta.

Se oyó el caso por este tribunal.

■ Del *return*, aparecen como los extremos más interesantes, éstos:

(*a*) Resolución de la corte en fecha 20 de octubre de 1930.

(I) "Vista la demanda jurada presentada por la demandante en el pleito arriba titulado, solicitando que, como madre con patria potestad sobre sus hijos menores de edad nombrados Hilda Monserrate y Francisco Juan Ortiz Carrasquillo, se le concedan a dichos menores alimentos provisionales en la cantidad de $2,400.00 anuales, pagaderos por la demandada como abuela de dichos menores, por meses anticipados, a razón de $200.00 cada mes, mientras dichos menores residan en Humacao y lleguen a su mayoridad, y que esa pensión se le satisfaga en dinero que deberá ser depositado por la demandada por meses anticipados en la Secretaría de esta Corte, donde quedará a la disposición de la actora y para sus citados hijos, y vista también la solicitud contenida en dicha demanda para que este Tribunal señale una primera comparecencia de las partes en este pleito, ahora la Corte, de acuerdo con lo prescrito en el artículo 84 de la Ley sobre Procedimientos Legales Especiales, y en las secciones 4 y 5 de la Ley sobre desahucio, ordena que las partes en este caso comparezcan en primera comparecencia ante este Tribunal, el día 3 de noviembre de 1930, a las 9 A.M., para que aleguen lo que a sus respectivos derechos estimen convenirles, debiendo entregársele a la demandada copia de la demanda radicada por la actora en este litigio, apercibiendo a dicha demandada de que, de no comparecer por sí o por legítimo apoderado en el día y hora antes indicados, se concederán a los referidos menores los alimentos provisionales solicitados por ellos, sin más citar ni oír a dicha demandada, de acuerdo con la petición de la actora.

"El Secretario expedirá el correspondiente mandamiento para el cumplimiento de esta orden."

(*b*) Certificado de diligenciamiento de la citación.

(II) "Yo, Luis Ríos Algarín, bajo juramento declaro: que mi

nombre es el indicado y que soy mayor de 21 años de edad y vecino de San Juan; que no soy parte ni tengo interés en el pleito indicado al dorso de este diligenciamiento; que el día 20 de octubre de 1930, a las 10 A.M., recibí el mandamiento original contenido al dorso de este diligenciamiento, y que el mismo día a las 12:30 P. M., notifiqué dicho mandamiento a don Julio Ortiz Stella, quien reside y se encontraba en dicho día y hora en la casa residencia de la demandada doña Julia Stella Vda. de Ortiz, en Humacao, Puerto Rico, habiéndole entregado a dicho señor Ortiz Stella, una copia fiel y exacta del referido mandamiento, cuya copia dejé en poder suyo para que se la entregase a la demandada, a quien no me fué permitido ver ni notificar dicho mandamiento, porque el referido Sr. Ortiz Stella reiteradamente me aseguró que dicha demandada se hallaba enferma en cama y que no podía recibirme, habiéndome prometido él que le daría a ella la referida copia que le acababa yo de entregar en ese momento.

"Y para que así conste, suscribo y juro la presente en San Juan, Puerto Rico, hoy día 1 de noviembre de 1930."

(*c*) Certificado adicional o complementario de diligenciamiento.

(III) "Yo, Luis Ríos Algarín, bajo juramento declaro: Que mi nombre es el indicado y que soy mayor de 21 años de edad y vecino de San Juan, Puerto Rico; que no soy parte ni tengo interés en el pleito de epígrafe; que el día 20 de octubre de 1930, a las 10 A.M., recibí el mandamiento original expedido por esta Corte sobre primera comparecencia en el caso de epígrafe y citando a las partes para la celebración de la misma; y que el mismo día 20 de octubre de 1930, a las 12:30 P. M., notifiqué dicho mandamiento a don Julio Ortiz Stella, quien es mayor de edad y reside y se encontraba en dicho día y hora en la casa residencia de la demandada doña Julia Stella vda. de Ortiz, en Humacao, Puerto Rico, como encargado de la misma o representando a dicha demandada, habiéndole entregado a dicho Sr. Ortiz Stella una copia fiel y exacta del referido mandamiento y de la demanda presentada en el caso arriba titulado, cuyas copias dejó en poder suyo allí y entonces, para que se las entregase a la aludida demandada, a quien no me fué permitido ver ni notificar personalmente dicho mandamiento, con copia de la referida demanda, porque el mencionado Sr. Ortiz Stella, hijo de la demandada, en reiteradas veces me aseguró que ella se hallaba enferma en cama y que no podía recibirme, habiéndome prometido él que le daría a ella las referidas copias que yo le acababa de entregar en su nombre y para ella; que

me fué materialmente imposible ver personalmente a la citada demandada, debido a su enfermedad y por no habérmelo permitido su aludido hijo, y representante en aquel momento, don Julio Ortiz Stella; que lo expuesto es la verdad y nada más que la verdad de los hechos acaecidos en este caso, y que si no fueron así expuestos en el diligenciamiento original que radiqué en este pleito, se debió todo a una mera omisión involuntaria e inadvertida de mi parte, por la prisa con que preparé dicho diligenciamiento; y para subsanar esa omisión y a fin de ajustar los hechos a la verdad de lo sucedido, hago y juro ahora este diligenciamiento enmendado en Humacao, P. R., a los 24 días del mes de noviembre de 1930.''

Se ha discutido en este caso si la citación debe hacerse personalmente, y si cabe hacerla en otra persona que la demandada.

En la ley sobre procedimientos legales especiales de fecha 9 de marzo de 1905, el Título VII provee, si así puede decirse, el procedimiento en reclamaciones sobre alimentos provisionales. El artículo 84 de dicha ley es como sigue:

''Art. 84.—Toda reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio. Contra la sentencia que se dicte en esta clase de juicio se podrá utilizar el recurso de apelación, sin que ésta obstaculice la ejecución de aquélla.''

En la misma fecha 9 de marzo de 1905, se aprobó la ley que establece el procedimiento para el desahucio, en la que encontramos los siguientes artículos:

''Sección 4.—Se promoverá el juicio por medio de demanda redactada conforme a lo prescrito para el juicio ordinario en el código de Enjuiciamiento Civil, y presentada aquélla, se mandará convocar al actor y al demandado para una comparecencia que deberá celebrarse dentro de los diez días siguientes al en que se presente la reclamación.

''Sección 5.—Si no se encontrase el demandado en el lugar del juicio o no tuviere en él su domicilio se entenderá la citación con la persona que en cualquier forma estuviere encargada en su nombre del cuidado de la finca en dicho lugar.

''Al citarse al demandado se le apercibirá de que no compare-

ciendo por sí o por legítimo apoderado se decretará el desahucio sin más citarlo ni oírlo.''

El procedimiento es aplicable al caso de reclamación de alimentos provisionales, que es quizá de mayor urgencia que el de desahucio, y en el que se justifica mejor la posibilidad de acortar términos y prescindir de algún trámite no esencial.

No es necesario acudir a los preceptos de la antigua ley de procedimientos civiles de España, ya que el procedimiento se halla definido en nuestra legislación vigente.

La citación, en la forma en que se hizo, es correcta; y la corte, por virtud de la misma,. adquirió jurisdicción sobre el caso.

Del primitivo diligenciamiento de la citación, no aparecía que se hubiera entregado a la demandada la copia de la demanda. Pero del *return* en este caso aparece radicado en 24 de noviembre de 1930 un certificado enmendado de diligenciamiento, en el que se hace constar que a don Julio Ortiz Stella, mayor de edad, quien se encontraba en la casa de la demandada doña Julia Stella viuda de Ortiz, ''como encargado de la misma o representando a dicha demandada'' y quien aseguró al diligenciante que la demandada se hallaba enferma en cama y no podía recibirle, se entregaron por el diligenciante las copias de mandamiento y demanda, que prometió el Don Julio entregar a la demandada. Esta certificación se halla suscrita bajo juramento por Luis Ríos Algarín, que diligenció la citación. Es cierto que es posterior en fecha a la petición de *certiorari;* pero esto no sería una razón para negarle credibilidad.

Es de aplicación a este caso la doctrina general sentada en *Puigdoller* v. *Monroig,* 14 D.P.R. 782, que sostiene que la acción de alimentos provisionales debe regirse en su principio y presentación de pruebas por las reglas establecidas para la acción de desahucio.

*Debe anularse el auto expedido.*

EN RECONSIDERACION.

14 de enero de 1931.

Opinión del tribunal emitida por el Juez Asociado Señor Texidor.

Se nos pide reconsideración de la resolución de 19. de diciembre de 1930.

Se alega por la peticionaria que el único diligenciamiento que tuvo presente la Corte de Distrito de Humacao fué el primitivo, en el que no se hizo constar que se había hecho entrega de copia de la demanda; y que este tribunal no puede tener en cuenta otro para resolver el caso de *certiorari;* que la Corte de Distrito de Humacao perdió toda jurisdicción, por haber sido apelada su resolución, y por haberse expedido el auto de *certiorari;* que, apelada la resolución, y expedido el auto, ni la corte inferior, ni las partes, tienen derecho a desvirtuar la sentencia mediante un nuevo diligenciamiento; que el único récord que podemos tener en cuenta es el que existía en el momento de dictarse la sentencia, y en él no aparece diligenciamiento que diera jurisdicción a la corte. Y alega además que el nuevo diligenciamiento no contiene los requisitos del estatuto, y que en él no se consigna que don Julio Ortiz fuera el encargado de la finca en nombre de la demandada, ni en qué forma lo esté, y que lejos de decirse que la demandada no se encontraba en la finca, se afirma que sí lo estaba, y que se hallaba enferma. Y, en apoyo de esas alegaciones, se nos cita la decisión de este tribunal, en el caso *Hernández* v. *Rosado,* 22 D.P.R. 387, en donde se dijo, interpretando la sección quinta de la ley de desahucio, que en los casos en que el emplazamiento no se hace personalmente al demandado debe hacerse constar que se hace a la persona encargada "en su nombre del cuidado de la finca," a fin de que la corte pueda adquirir jurisdicción.

La interpretación que se pretende por la peticionaria, tendría, desde luego, el efecto de destruir la letra, el espíritu

y la finalidad del precepto del artículo 84 de la ley de procedimientos especiales. Siguiendo tal interpretación, allí donde no haya finca, o encargado de ella en nombre del ocupante, no cabe hacer citación alguna.

No podemos crear para el procedimiento judicial, un mundo, no ya aparte del en que vivimos, sino contradictorio y antagónico al mismo; un léxico y un vocabulario de misterioso sentido, inaccesibles a los profanos, y en pugna con las realidades de la vida; ni podemos sacrificar, en aras de un tecnicismo exagerado, la verdad, y con ella la realidad y la justicia. Esto no quiere en modo alguno significar que pueda o deba prescindirse de las reglas de procedimiento y de los requisitos exigidos por la ley para la administración de la justicia. Se trata, en los procedimientos civiles y en los penales, de estados anormales en la vida del derecho, en cuyos estados no se realiza aquél en la forma usual, y es claro que el Estado, como tal, tiene que ordenar la forma de pedir, el trámite, la forma de enjuiciar, y de probar, para intervenir en la realización del derecho: esto origina el procedimiento y sus reglas. Pero es de necesidad no olvidar que el derecho *vive* en la realidad, con la que está en contacto permanente.

No podemos regresar a las primitivas fórmulas romanas, y menos a las consecuencias de esas fórmulas, y someter a un simple error de palabra algo tan trascendental como la realización del derecho, y el imperio de la ley. Por eso se ha llegado a escribir en la ley, algo como los artículos 122, 140 y 142 del Código de Enjuiciamiento Civil de Puerto Rico, cuyo texto es como sigue:

"Artículo 122. Al considerar una alegación para determinar sus efectos, deberá interpretarse con liberalidad, a fin de asegurar absoluta justicia entre las partes."

"Artículo 140. Podrá la corte, en bien de la justicia, y en los términos que fuesen adecuados, permitir a una de las partes enmendar cualquier alegación o procedimiento, bien añadiendo o eliminando el nombre de alguna parte o corrigiendo un error en el nombre de la misma, o en cualquier otro particular, y en igual forma, prorrogar el

término para la contestación o excepción previa. La corte puede también, a su arbitrio, después de notificada la parte contraria, permitir en la forma que estimare justa, una enmienda a cualquier alegación o procedimiento en otros particulares, y puede, en igual forma, permitir que se formule una contestación después del término prescrito por este Código, y también eximir a alguna persona o a sus representantes legales, de los efectos de una sentencia, orden u otro procedimiento que se hubiese dictado contra ella, por causa de equivocación, inadvertencia, sorpresa o excusable negligencia; y cuando por cualquier razón que la corte o el juez de la misma estime satisfactorio, la parte agraviada hubiese dejado de solicitar algún recurso legal, durante el período judicial en que se dictó dicha sentencia, orden o procedimiento objeto de la queja, dicha corte o juez en vacaciones, podrá conceder el remedio, mediante solicitud presentada dentro de un plazo razonable que no excederá de seis meses, contados desde la expiración del período judicial. Cuando por cualquier causa la citación en una demanda no se hubiese hecho al demandado en persona, podrá la corte, en la forma que estimare justa, permitir que dicho demandado o su representante legal, en cualquier tiempo dentro del año de pronunciado el fallo en ella, la conteste tal como se interpuso. Cuando en una acción para recobrar la posesión de bienes muebles, la persona que hizo la declaración escrita y jurada no expuso con verdad el valor de la propiedad, y el funcionario que se incautó de ella o el fiador fuese demandado por haberse apoderado de dicha propiedad, el funcionario o fiador, podrá alegar en su contestación el verdadero valor de la propiedad y que la persona en cuyo nombre se hizo la declaración escrita y jurada tenía derecho a la posesión de aquélla cuando se hizo dicha declaración escrita y jurada o que el valor consignado en ésta estaba equivocado, la corte prescindirá del valor consignado en la declaración escrita y jurada, y fallará de acuerdo con el derecho de posesión a dicha propiedad como existía cuando se hizo dicha declaración escrita y jurada.''

''Artículo 142. En cualquier estado de un pleito la corte no tomará en cuenta algún error o defecto en las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes, y no se revocará o invalidará ningún fallo por razón de dicho error o defecto.''

Este espíritu de liberalidad, que no puede en forma alguna considerarse como de abandono de los preceptos de procedimiento, impone el triunfo del sentido humano de la ley. Y

en cuanto a la jurisprudencia de Puerto Rico, podemos, sin temor, afirmar que ésa es la tendencia de nuestras decisiones.

En el caso *Rodríguez et al.,* v. *Cuevas Zequeira, Juez,* 25 D.P.R. 806, se ha dicho por este Tribunal:

"A los demandados se les notificó en realidad de los procedimientos y se les previno de las consecuencias de la rebeldía, mas sin embargo optaron por circunscribirse a técnicas cuestiones de detalles en la forma del emplazamiento y no han mostrado siquiera ante esta corte de que sufrieran perjuicio.alguno en absoluto o de que tuvieran jamás defensa alguna sobre los méritos del caso. El presente procedimiento no es sino sencillamente un esfuerzo para dilatar la ejecución de la sentencia dictada por la corte de distrito y los hechos que aparecen del récord no revelan un caso propio para obtener algún remedio por vía de *certiorari.*"

Y luego se citó, del caso *Addison* v. *Burt,* 42 N. W. 278, lo que sigue:

"No encontramos ningún fundamento para la revocación hecha por la corte inferior. Aun cuando hubiera habido irregularidades de forma, la ley requiere que en *certiorari* no habrá revocaciones, sino sólo por materias sustanciales que afectan la justicia de la causa. Nada encontramos fuera de lugar en el juicio celebrado ante el juez de paz, mientras que el récord claramente nos muestra un gravoso mal héchole a Mr. Burt por el que él debiera tener alguna reparación. La defensa estaba en absoluto destituída de todo mérito, y si la corte de circuito hubiera confirmado la sentencia, y Addison la hubiera traído aquí, nosotros no hubiéramos vacilado un momento en hacerle sentir las consecuencias de una penosa apelación. El auto de *certiorari* no debe prostituirse con tales propósitos. La sentencia de la corte de circuito debe ser revocada, y confirmada la del juez de paz, con las costas ocasionadas en todas las cortes."

La ley ha requerido dar a los procedimientos para obtención de alimentos provisionales una facilidad y una rapidez, en consonancia con su fin y objeto, y con la urgencia de la necesidad a satisfacer; para ello los ha equiparado a los casos de desahucio; pero esto no quiere significar que esos procedimientos se calquen en los del juicio de desahucio en tal forma que si no hay una finca, y un encargado en nombre del dueño, sea imposible la citación.

En este caso concreto, aparece que la persona que hace la citación, va al domicilio de la demandada, a la que no encuentra, y sí a don Julio Ortiz, quien manifiesta que aquella señora está enferma, y es imposible verla, e impide al diligenciante que la vea y se hace cargo de los documentos prometiendo entregarlos a la interesada. No creemos que quepa hacer más, ni pueda exigirse otra cosa. Si se tratara de un caso de desahucio, la situación sería otra; entonces el que se entrevista con la persona que diligencia la citación tendría que ser el que esté *en la finca, en nombre del ocupante,* que en tal carácter de *ocupante de una finca* es citado, y por ese carácter, y por su relación con la finca, se le trae al juicio.

La decisión de este Tribunal, que se cita por la peticionaria (*Hernández* v. *Rosado,* 22 D.P.R. 387), se refiere a un caso de desahucio, y en ella se hace estricta aplicación del precepto de la ley especial, que exige que la persona a quien se comunique la citación, en caso de no hallarse en la finca el demandado, sea la que en su nombre se halla encargada de la finca. Ya hemos dicho que esta condición es exigible en los casos de desahucio, en que hay, necesariamente, una finca, y debe haber alguien que, en ausencia del dueño, le represente en ella. Pero esto no puede exigirse como indispensable, en otros casos, como los de alimentos provisionales, lo mismo que en ellos no cabe, en la ejecución, un lanzamiento.

En lo que toca a la naturaleza del diligenciamiento enmendado, la parte peticionaria está en error. Ese diligenciamiento prueba un hecho; el de que se entregó la copia de la demanda; y ese hecho existió desde que se realizó, esto es, desde que se llevó a cabo el diligenciamiento original; esto es lo realmente interesante en el caso, la verdad del hecho. No concebimos cómo podríamos llegar, después de leer el diligenciamiento enmendado, a decir que no se llevó a efecto con entrega de la copia de la demanda; esto ni puede pedírsenos, ni podríamos concederlo.

La misma parte peticionaria, que nos indica que no de-

bemos tener en cuenta nada que no haya ocurrido antes de dictarse la resolución cuya enmienda pide, no tiene otra solución· que acudir a hechos que se produjeron con posterioridad a dicha resolución, como lo es su apelación de 22 de noviembre de 1930. Y es que en el procedimiento no puede llegarse a aislar, de modo absoluto, un hecho, prescindiendo de origen, antecedentes, ambiente y consecuencias, como no puede llegarse a eso en ninguno de los aspectos de la vida.

No desvirtúa la sentencia lo que la peticionaria llama un nuevo diligenciamiento. Ante todo, porque no es *nuevo,* sino la enmienda del antiguo; y luego, porque en la realidad, no produce cambio en la declaración de la sentencia.

*Por lo que debe declararse sin lugar la moción de reconsideración.*